# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| JOSEPH PEERY, on behalf of himself and all persons similarly situated, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 13-cv-5819 |
| CHICAGO HOUSING AUTHORITY, | ) ) | Judge Sharon Johnson Coleman |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Defendant Chicago Housing Authority moves pursuant to Northern District of Illinois Local Rule 40.4 to reassign *Stubenfield v. Chicago Housing Authority, et al.*, Case No. 13-cv-6541, to this Court's docket because it is related to the earlier filed case at bar. Plaintiffs in the *Stubenfield* case oppose reassignment, arguing that reassignment will not result in a substantial savings of judicial time and effort, and the cases are not susceptible to disposition in a single proceeding. For the reasons stated below, the motion is granted.

*Peery v. Chicago Housing Authority*, Case No. 13-cv-5819, pending before this Court, alleges that as a condition of admission and continued residency, Chicago Housing Authority ("CHA") adult residents in certain mixed-income housing developments must undergo urinalysis drug testing without reasonable suspicion in violation of residents' constitutional rights. Peery is seeking certification of a class: "All persons required by the CHA to take a suspicionless drug test as a condition of admission or continued occupancy in a rental apartment reserved for CHA tenants in a mixed-income housing development." Peery has filed a motion for preliminary injunction and is ultimately seeking a permanent injunction.

*Stubenfield v. Chicago Housing Authority, et al.*, Case No. 13-cv-6541, pending before the Honorable Matthew Kennelly, alleges that defendants CHA and The Community Builders, developer of Oakwood Shores, require suspicionless urinalysis drug testing as a condition of occupancy in a rental apartment reserved for CHA tenants in a mixed-income housing development in violation of residents' constitutional rights and the United States Housing Act. The *Stubenfield* plaintiffs are seeking to certify a class: "All people who are or will be required to submit to drug testing as a condition of residence in a CHA home, including any rental unit reserved for CHA residents; and [a]ll people who have been required to be drug tested and/or have been subjected to drug testing as a condition of residence in a CHA home, including rental units reserved for CHA residents, at any time in or after September 2011." The *Stubenfield* plaintiffs are seeking a temporary restraining order, preliminary injunction, permanent injunction, and damages. The *Stubenfield* plaintiffs have also requested a jury trial.

Local Rule 40.4(a) states that two or more civil cases may be related if they involve the same property, the same issues of fact or law, arise from the same transaction or occurrence, or, in the case of class action suits, involve the same classes. N.D.Ill. LR 40.4(a)(1)-(4). The *Stubenfield* plaintiffs do not argue that the cases are not related within the meaning of Rule 40.4(a), and even if they had so argued, this Court would find that Rule 40.4(a)(2) has easily been met. There is no question that each of these cases will involve the constitutionality of suspicionless drug testing as a condition of residence in CHA sponsored housing.

The *Stubenfield* plaintiffs' objection to CHA's motion relates to the application of Local Rule 40.4(b), which provides the criteria for the court to determine whether assignment of related cases to the judge with the lowest-numbered case is appropriate. Under Rule 40.4(b), reassignment is appropriate if the following four criteria are met: both cases are pending in this

Court; the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort; the earlier case has not progressed to the point where designating a later filed case as related would be likely to delay the proceedings in the earlier case substantially; and the cases are susceptible of disposition in a single proceeding. N.D.Ill. LR 40.4(b)(1)-(4). The first and third of these criteria indisputably met here; both cases are pending in the U.S. District Court for the Northern District of Illinois, and *Peery v. CHA,* the earlier case has not progressed very far. In *Peery,* this Court has entered and continued the class certification motion and the motion for preliminary injunction, allowed limited discovery to begin, and set September 26, 2013, as the deadline for CHA to answer or otherwise plead to the complaint.

Despite the *Stubenfield* plaintiffs' arguments to the contrary, this Court believes that significant judicial efficiency will result from having one judge handle these cases. Both cases require for disposition determination of the constitutionality of the alleged suspicionless drug testing as a condition of residency in CHA sponsored housing. Reassignment of the *Stubenfield* case to this Court's docket will permit that central issue to be briefed and determined once. Although the *Stubenfield* plaintiffs make much of the fact that they are suing The Community Builders in addition to the CHA and thus will require different discovery, they will still require the same or substantially similar discovery from the CHA as the plaintiffs in *Peery*.[1] Moreover, it is yet to be determined whether an additional party, a private landlord with CHA reserved units, will be necessary in *Peery.* This Court believes that the undoubted overlap in discovery issues between the two cases will result in substantial savings in both the Court's time and effort and the parties' time and effort. Furthermore, reassignment will avoid the possibility for

---

[1] Contrary, to the *Stubenfield* plaintiffs' assertion, this Court has not stayed the *Peery* case. Limited preliminary discovery has been allowed and a briefing schedule has been entered on defendant's anticipated Motion to Dismiss for failure to join a necessary party.

conflicting rulings, which is particularly significant because the plaintiffs in both cases are seeking injunctive relief.

The *Stubenfield* plaintiffs also object to reassignment, asserting that the cases are not susceptible to disposition in a single proceeding. Specifically, the *Stubenfield* plaintiffs argue that because they have requested a jury trial and the *Peery* plaintiffs have not, that the two cases cannot be disposed of in a single proceeding. They also argue that they have requested an immediate temporary restraining order and thus, even the initial hearing cannot proceed in a tandem.[2] The *Stubenfield* plaintiffs appear to conflate reassignment for relatedness under LR 40.4 with consolidation under *Federal Rule of Civil Procedure* 42. Yet, LR 40.4 does not require that the cases can or should be consolidated nor does reassignment necessarily lead to consolidation for all purposes. *Fairbanks Capital Corp. v. Jenkins,* No. 02 C 3930, 2002 U.S. District LEXIS 26297, *10-11 (Nov. 25, 2002). Here, the central dispositive issue – whether the suspicionless drug-testing of CHA residents in mixed income rental housing developments as a condition of occupancy violates the U.S. Constitution and the Illinois Constitution – is undoubtedly susceptible to disposition in a single proceeding. The fact that either case may require other issues, such as evaluating the individual damages of the plaintiffs, to be resolved separately does not negate the fact that the core issues here are virtually identical.

Accordingly, this Court grants defendant Chicago Housing Authority's motion [29] for reassignment based on relatedness pursuant to LR 40.4.

Date: September 26, 2013

Entered: _____

U.S. District Judge

---

[2] Apparently, the eviction proceeding for refusing to submit to drug-testing that two of the *Stubenfield* plaintiffs were facing has been dismissed by the Circuit Court of Cook County. Therefore, the exigency that prompted the emergency TRO in the *Stubenfield* case has been alleviated. Nevertheless, this Court is capable of addressing emergency motions expeditiously.