# Exhibit 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

JOSEPH PEERY, on behalf of himself )
and all persons similarly situated, )
                                        )
            Plaintiffs, )
                                          )    Case No. 13-cv-05819
       v. )
                                          )    Judge John F. Grady
CHICAGO HOUSING AUTHORITY )
                                          )
            Defendant. )

**PLAINTIFF'S MOTION
FOR LEAVE TO TAKE LIMITED EXPEDITED DISCOVERY**

Plaintiff, by his attorneys, pursuant to Rule 26(d) of the Federal Rules of Civil

Procedure, respectfully moves this Court to allow plaintiff forthwith to take limited

expedited discovery to pursue issues raised in plaintiff's motion for preliminary relief.

Plaintiff also respectfully moves this court to shorten the time within which defendant is

to respond.  In support of this motion, plaintiff states as follows:

1.        Pursuant to Rule 26(d) of the Federal Rules of Civil Procedure, this Court

may allow discovery prior to the discovery scheduling process set forth in Rule 26(f).

2.        Plaintiff has filed (a) a civil complaint alleging that the CHA's

suspicionless drug testing policy for CHA tenants in certain mixed-income developments

violates the privacy protections of Fourth Amendment to the U.S. Constitution and the

Privacy Clause of Article 1, Section 6 of the Illinois Constitution, and (b) plaintiff's

motion for a preliminary injunction.

3.        By this motion, plaintiff seeks leave to take limited expedited discovery on

issues raised in his motion for preliminary relief; and to shorten the time within which

responses to these discovery requests are due.

      WHEREFORE, plaintiff respectfully moves that this Court (a) allow plaintiff to take limited discovery; and (b) command defendant to answer these discovery requests on an expedited basis.

Dated: August 19, 2013              Respectfully submitted,

                            /s/ Harvey Grossman
                            *Counsel for the plaintiff*

                            HARVEY GROSSMAN
                            ADAM SCHWARTZ
                            KAREN SHELEY
                            Roger Baldwin Foundation of ACLU, Inc.
                            180 North Michigan Avenue, Suite 2300
                            Chicago, Illinois 60601
                            (312) 201-9740

### CERTIFICATE OF SERVICE

I, Harvey Grossman, an attorney, hereby certify upon oath, I served to the party listed below a true and correct copy of **PLAINTIFF'S MOTION FOR LEAVE TO TAKE LIMITED EXPEDITED DISCOVERY**, via messenger and email on August 19, 2013.

> Scott Ammarell
> General Counsel
> Chicago Housing Authority
> 60 E. Van Buren Street
> Chicago, IL 60605
> sammarell@thecha.org

/s/ Harvey Grossman

# Exhibit 2

1              IN THE UNITED STATES DISTRICT COURT
                NORTHERN DISTRICT OF ILLINOIS
2                    EASTERN DIVISION

3

   JOSEPH PEERY, on behalf of himself  )   No. 13 C 5819
4  and all similarly situated persons,  )
                                 )
5                 Plaintiff,        )
                                 )
6           v.                 )   Chicago, Illinois
                                 )   September 5, 2013
7  CHICAGO HOUSING AUTHORITY,            )   8:45 a.m.
                                 )
8              Defendant.         )   Motion Hearing

9

10                TRANSCRIPT OF PROCEEDINGS
     BEFORE THE HONORABLE SHARON JOHNSON COLEMAN

11  APPEARANCES:

12  For the Plaintiff:      ROGER BALDWIN FOUNDATION OF ACLU, INC.
                         180 North Michigan Avenue
13                           Suite 2300
                         Chicago, Illinois  60601-7401
14                           BY:  MR. ADAM D. SCHWARTZ
                              MS. KAREN A. SHELEY
15

   For the Defendant:      WINSTON & STRAWN
16                           35 West Wacker Drive
                         Chicago, Illinois  60601-9703
17                           BY:  MR. SAMUEL MENDENHALL
                              MR. KIMBALL R. ANDERSON
18

19  ALSO PRESENT:           MR. ROBERT D. WHITFIELD
                         10 South LaSalle Street
20                           Suite 1301
                         Chicago, Illinois  60603-1083
21

22

23               TRACEY DANA McCULLOUGH, CSR, RPR
                Official Court Reporter
24               219 South Dearborn Street
                    Room 1426
25                Chicago, Illinois  60604
                    (312) 922-3716

1            THE CLERK:  13 C 5819, Peery versus Chicago Housing

2    Authority.

3            THE COURT:  All right.

4            MR. SCHWARTZ:  Good morning, Your Honor.  Adam

5    Schwartz for the plaintiff.

6            MS. SHELEY:  Karen Sheley for the plaintiff.

7            MR. WHITFIELD:  Robert Whitfield, I'm here as an

8    observer at this time, Your Honor.

9            THE COURT:  All right.  Well, thank you very much,

10   sir.

11           MR. MENDENHALL:  Good morning, Your Honor.  Sam

12   Mendenhall on behalf of the Chicago Housing Authority.

13           MR. ANDERSON:  And I'm Kimball Anderson, Mr.

14   Mendenhall's partner also on behalf of the Chicago Housing

15   Authority.  Good morning, Judge.

16           THE COURT:  Good morning.  All right.  And we have a

17   motion for extension of time to answer, is that correct?

18           MR. MENDENHALL:  Yes, Your Honor.

19           THE COURT:  Any objections?

20           MR. SCHWARTZ:  No, ma'am.

21           THE COURT:  All right.  And, Counsel, what is your

22   role going to be?

23           MR. WHITFIELD:  Your Honor, I am the attorney for the

24   Central Advisory Council, which is the tenant organization

25   representing all the public housing tenants including the

1    Cabrini tenants.  They are contemplating whether they -- and

2    they haven't -- the Board hasn't made a decision yet whether

3    they will come into the case.  If they should do so, within the

4    next week or so.

5            THE COURT:  All right.  Well, we'll wait and see what

6    happens.

7            MR. WHITFIELD:  Okay.

8            THE COURT:  All right.

9            MR. ANDERSON:  Your Honor, Mr. Schwartz and I have

10   been talking over the last couple of days about scheduling

11   issues.  And we've had a good conversation and good

12   cooperation, and I wanted to share with you what I think the

13   issues look like so that you can be appraised of scheduling.

14           First of all, there's no disagreement over an

15   extension of time that the CHA has asked for.  And we've asked

16   for 21 days.  There is a necessary parties issue.  So we on

17   behalf of the CHA plan to file a Rule 12 (b) 7 motion raising

18   the necessary party issues, which we believe is a threshold

19   procedural issue for the Court that needs to be resolved before

20   the case can go forward.

21           And in summary, here's what the issue is:  Mr. Peery,

22   the named plaintiff --

23           THE COURT:  Are you going to file one, or are you

24   going to argue it now?

25           MR. ANDERSON:  No.  No.  I just want to tell you what

1    it is because it affects the other pending motions before you.

2              THE COURT:  Well, right now the motion before me is

3    for extension of time to answer.  Have the other motions

4    even -- they haven't even been briefed, have they?

5              MR. ANDERSON:  No.  No.  But I want to, I want to

6    address the briefing schedule on those because those have been

7    noticed for presentment today.  And I'm not going to argue the

8    motion.

9              THE COURT:  All right.

10              MR. ANDERSON:  I just want to spend a minute telling

11   you how they're interrelated, if I may.

12              THE COURT:  All right.  And as long as it's a minute.

13   As you can see, we've got other cases.

14              MR. ANDERSON:  I understand.

15              THE COURT:  Plus I have someone in custody.

16              MR. ANDERSON:  I understand, Your Honor.

17              THE COURT:  All right.

18              MR. ANDERSON:  You've got a lot of customers this

19   morning.

20              THE COURT:  Okay.  Proceed.

21              MR. ANDERSON:  Okay.  Mr. Peery is a party to a lease

22   with Holsten Management Company.  And he wants to reform that

23   lease, delete a paragraph of it that deals with this

24   warrantless drug testing.  So our view is that the other party

25   to the lease Holsten Management Company is a necessary party

1    under Rule 19.  I've been discussing that with Mr. Schwartz.

2    They have a different view.  But it's our view that this

3    initial threshold procedural issue needs to be resolved.  Get

4    all the proper parties before the Court before we can and

5    should go on with preliminary injunction, class certification

6    discovery.

7          And we recognize that the plaintiff has some -- the

8    plaintiff has some needs here, and they want to move

9    expeditiously, but so we do.  But we think we're going to be

10   faced with a complete do over if we have to bring another party

11   into the case shortly as a result of this Rule 19 issue.  So

12   with that, I just wanted to alert you --

13          THE COURT:  Thank you for that information, Counsel.

14          MR. ANDERSON:  I just wanted to alert you to that

15   issue.  And I don't want to take any more than my minute of

16   allotted time.

17          THE COURT:  Okay.  Thank you.  The Court appreciates

18   getting that overview from you.

19          MR. ANDERSON:  Okay.

20          THE COURT:  All right.  Plaintiff.

21          MR. SCHWARTZ:  If I might briefly respond.  What the

22   plaintiffs would like today is leave to serve on the defendant

23   a limited set of contention interrogatories with a 21-day

24   return time.  And we would suggest an additional 21 days for

25   the defendant to respond to our pending motion for class

1   certification and motion for preliminary injunction.  That will

2   be 42 days from today.  We would suggest a short status after

3   that for us to come in and tell you how much time we think

4   we'll need on our reply.  Not until we see how complex or

5   simple the issues are going to be it's hard for us to know.

6           We think that a stay of our expedited discovery and

7   the motions for preliminary injunction, class certification

8   pending whatever 12 (b) motion they might file, we think such a

9   stay is not well taken.  We think there's urgency here.  There

10  are dozens of putative class members every week who are being

11  subjected to the challenged policy.  We believe that, you know,

12  on the face of Rule 19 for the absent party to be at issue,

13  they have to claim an interest in the case.  As far as we know,

14  no developer has done so.

15          If Holsten Management, who is the builder where our

16  plaintiff resides, perceives that he has an interest in this

17  case and wants to be in this case, he has a remedy under Rule

18  24.  And there are Courts that hold that in the absence of the

19  absent party moving to intervene under Rule 24, that that

20  nonmotion to intervene is a factor weighing against a Rule 19

21  (a) 1 (b) 1 joinder of that absent party for their own benefit.

22          I would add that there was a similar case decided by

23  Judge Coar a few years ago called Cabrini Green LAC in which

24  just like this case you had a CHA approve a lease between

25  Holsten and the developer, and the tenants believed that a

1   provision of that lease was not proper.  They brought an

2   enforcement action against the CHA and not against Holsten, and

3   the challenged provision of that lease was rendered

4   unenforceable through order of the Court without ever bringing

5   in Holsten Management.  And the joinder issue was not reached

6   in that case, but we think that what it shows is that there's a

7   practical simple way of resolving this case without bringing in

8   a party who has at this juncture not claimed an interest in the

9   litigation.

10          MR. ANDERSON:  Well, first of all, Mr. Peery is not

11  scheduled to be retested until May or June of 2014.  So there's

12  absolutely no emergency here.  Secondly, herein lies the

13  problem, Holsten is the quintessential essential party under

14  Rule 19.  And if we launch off here in discovery and briefing

15  motions for preliminary injunction, we're going to have a do

16  over, which is going to be a waste of the Court's time, a waste

17  of the taxpayers' time, and fundamentally just wrong.  The fact

18  that Holsten has a right to -- may have a right to intervene

19  doesn't address Rule 19, which provides that these types of

20  persons shall be joined.  It says shall be.  You know, it's not

21  an optional thing.  It's a threshold jurisdictional procedural

22  issue for the Court.

23          I'm not trying to delay things.  I just want to make

24  sure that all the necessary parties are before the Court before

25  we launch into what is going to be a complicated and expensive

1    proceeding for everyone.  That's the fair thing to do, and it's

2    the jurisdictionally proper thing to do.

3             MR. MENDENHALL:  Your Honor, if I may speak to the

4    issue with the greatest deference to my colleagues here.  Your

5    Honor, the CHA is entitled to discovery as well.  They are

6    trying to get us to brief a class cert issue without any

7    discovery, Your Honor.  This case, Mr. Peery, this is not a

8    class action.  As of right now, Your Honor, this is Mr. Peery,

9    whose lease doesn't expire until July of next year, Your Honor.

10   There is no fire drill.  And we respectfully ask that we --

11   this case be allowed to proceed on its normal course.  There is

12   no reason for expedited discovery, Your Honor.

13            And equally important, we have a right to take

14   discovery before we start briefing the class certification

15   issue and other things.  So we would ask that this court case

16   proceed on the Court's normal schedule as set out in your --

17            THE COURT:  Well, you're saying that you need

18   discovery.  You're saying that you wouldn't be asking for

19   discovery ahead of time in order to respond to their motion?

20            MR. MENDENHALL:  We will follow the briefing schedule

21   that this Court set.  And we would ask that the briefing on the

22   class cert takes place after class discovery, as it would in

23   any normal class action.  As of right now, Your Honor, this is

24   a case of Mr. Peery versus the CHA.  There are no other

25   parties.

1          MR. SCHWARTZ:  If I may just very briefly respond.

2    We're not here on a TRO.  We're not saying there's an

3    emergency.  We agree Mr. Peery is approximately nine months out

4    from his drug test, but we do have a putative class action.

5    And under the rule -- the rules on class actions, class actions

6    should be resolved with as soon as practicable time.  Putative

7    class members being tested by the dozens every single week.  It

8    is our allegation that this is a test that is in violation of

9    the Constitution and is experienced by many thousands of people

10   as degrading and humiliating.  And we think a timely resolution

11   of the preliminary injunction is warranted, and we oppose a

12   delay of moving forward on it pending whatever Rule 12 (b)

13   motion might or might be filed and the months it will take to

14   brief and resolve that.

15          MR. ANDERSON:  It's not a matter of may or may not --

16          THE COURT:  Well, why don't we stop a second.

17          MR. ANDERSON:  Okay.

18          THE COURT:  Because you all can go back and forth --

19          MR. ANDERSON:  Sure.

20          THE COURT:  -- and volley and the poor people here

21   get to wait.  First of all, you have asked for your 21-day

22   extension.

23          MR. ANDERSON:  Yes.

24          THE COURT:  You have no problem with that.

25          MR. SCHWARTZ:  Correct.

1          THE COURT:  You have a tentative briefing schedule

2     that you've talked about.

3          MR. ANDERSON:  On the Rule 12 (b) motion, yes, I

4     think we wanted 21 days.  And, Adam, you wanted another 21

5     days?

6          MR. SCHWARTZ:  Yes.

7          MR. ANDERSON:  Okay.  And then we'll have 14 days to

8     reply.

9          THE COURT:  All right.  What I'm hearing that's being

10    argued here partly is a motion to stay any further briefing on

11    any of the motions that have been filed while we take care of

12    your motion.  Am I correct?

13         MR. ANDERSON:  I'm just asking you to enter and

14    continue those until the Court resolves the threshold issue of

15    whether all the necessary parties are before the Court.

16    Otherwise I fear we're going to have a do over when the other

17    parties come into this case.

18         THE COURT:  Right now I'm going --

19         MR. ANDERSON:  That's my simple request.

20         THE COURT:  Right now I'm going to set the briefing

21    schedule as to your 12 (b) motion.  That will be set.  I will

22    make a ruling as to whether or not I delay any briefing

23    schedule on the motions.  I'll make that ruling by tomorrow.

24    All right.

25         MR. ANDERSON:  Okay.

1          **THE COURT:  Anything else?**

2          **MR. ANDERSON:  Thank you.**

3          **THE COURT:  Thank you very much.**

4          **MR. MENDENHALL:  Thank you, Your Honor.**

5                  CERTIFICATE

6          I HEREBY CERTIFY that the foregoing is a true,

7   correct and complete transcript of the proceedings had at the

8   hearing of the aforementioned cause on the day and date hereof.

9

10  */s/TRACEY D. McCULLOUGH*            *September 12, 2013*

11  Official Court Reporter                      Date
     United States District Court

12  Northern District of Illinois
     Eastern Division

13

14

15

16

17

18

19

20

21

22

23

24

25

# Exhibit 3

# UNITED STATES DISTRICT COURT
## FOR THE Northern District of Illinois – CM/ECF LIVE, Ver 5.1.1
### Eastern Division

Joseph Peery

                            Plaintiff,

v.                                       Case No.: 1:13−cv−05819

                                       Honorable John F. Grady

Chicago Housing Authority

                            Defendant.

# NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Thursday, September 5,2013:

      MINUTE entry before Honorable Sharon Johnson Coleman: Motion hearing held on 9/5/2013 on plaintiff Joseph Peery's Motion to Certify a Class [7], Motion for Preliminary Injunction [10], and Motion for Leave to Take Limited Expedited Discovery [1 3]. Plaintiff's Motion to Certify a Class [7] and Motion for Preliminary Injunction [10] are entered and continued to the next status date. Plaintiff's Motion for Leave to Take Limited Expedited Discovery [13] is granted. Defendant is to re spond to the limited discovery requests prior to the next status date. The Court also heard defendant Chicago Housing Authority's Motion for Extension of Time to Answer or Otherwise Plead [26], which the Court granted. Defendant's anticipat ed Rule 12(b)(7) Motion to Dismiss for failure to join is due 9/26/2013. The parties' agreed briefing schedule on that motion is entered: plaintiff's response is due 10/17/2013 and defendant's reply is due 10/31/2013. Once defendant#039;s Motion to Dismiss is fully briefed this Court will take the matter under advisement. Limited oral argument on Defendant's Motion to Dismiss will be allowed at the status hearing set for 11/4/2013 at 9:30 a.m.Mailed notice(rth, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If an order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.

# Exhibit 4

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| JOSEPH PEERY, on behalf of himself and all persons similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 13-cv-589 |
| v. | ) ) | Judge Sharon J. Coleman |
| CHICAGO HOUSING AUTHORITY, | ) ) ) | |
| Defendant. | ) | |

## PLAINTIFF'S FIRST SET OF INTERROGATORIES

Plaintiff, by his counsel, pursuant to Rule 33 of the Federal Rules of Civil Procedure, hereby serves upon defendant the Chicago Housing Authority this first set of interrogatories, to be answered in writing and delivered to the offices of counsel of record by October 10, 2013.

## DEFINITIONS AND INSTRUCTIONS

1. As used in this discovery request, and as necessary to bring within its scope any information which otherwise might be outside of its scope:

    (a) The singular form of a word shall be interpreted to include the plural, and the plural to include singular.

    (b) "And" shall be interpreted to include "or," and "or" to include "and."

    (c) "Including" shall be interpreted as "including but not limited to."

    (d) Defendant shall mean the Chicago Housing Authority.

2. In responding to this discovery request, please furnish all available information, including information in the possession of defendant's subordinates, attorneys, or anyone acting under defendants' direction or control.

3.      With respect to any information that defendant withholds on a claim of privilege, please provide a statement setting forth:

(a)      a brief description of the nature and subject matter of the information; and

(b)      the statute, rule, or decision which is claimed to give rise to the privilege.

## **INTERROGATORIES**

1.      Please state each and every government interest that defendant asserts in this litigation is advanced by suspicionless drug testing of public housing residents in mixed-income housing developments.

2.      Please state each and every fact on which defendant relies in this litigation in asserting the existence of the government interests identified in Interrogatory 1, including the identity of any supporting documents or persons with knowledge.

3.      Please state each and every fact on which defendant relies in this litigation in asserting that the government's interests identified in Interrogatory 1 are advanced by such drug testing, including the identity of any supporting documents or persons with knowledge.

4.      Please state each and every defense that defendant asserts in this litigation, other than the asserted advancement of government interests addressed by Interrogatories 1 through 3.

5.      Please state each and every fact on which defendant relies in this litigation in asserting the defenses identified in Interrogatory 4, including the identity of any supporting documents or persons with knowledge.

6.      Please state each and every fact concerning the pending motion for class certification that defendant disputes.

7.      Please state each and every basis on which defendant relies in this litigation in disputing the facts identified in Interrogatory 6.

2

DATED:  September 10, 2013          Respectfully submitted,

                                    _____
                                    *One of the Plaintiff's Attorneys*

                                    HARVEY GROSSMAN
                                    ADAM SCHWARTZ
                                    KAREN SHELEY
                                    Roger Baldwin Foundation of ACLU, Inc.
                                    180 North Michigan Avenue, Suite 2300
                                    Chicago, Illinois 60601
                                    (312) 201-9740

## CERTIFICATE OF SERVICE

I, Adam Schwartz, an attorney, hereby certify upon oath, I served to the counsel of record listed below a true and correct copy of **PLAINTIFF'S FIRST SET OF INTERROGATORIES** via messenger and email on September 10, 2013.

Samuel Mendenhall
Kimball Anderson
Elizabeth Papez
WINSTON & STRAWN
35 West Wacker Drive
Chicago IL 60601
smendenhall@winston.com
kanderson@winston.com
epapez@winston.com

Adam Schwartz

# Exhibit 5

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JOSEPH PEERY, on behalf of himself and all persons similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 13-cv-589 |
| v. | ) ) | Judge Sharon J. Coleman |
| CHICAGO HOUSING AUTHORITY, | ) ) | |
| Defendant. | ) | |

## <u>PLAINTIFF'S FIRST SET OF DOCUMENT REQUESTS</u>

Plaintiff, by his counsel, pursuant to Rule 34 of the Federal Rules of Civil Procedure,

hereby serves upon defendant the Chicago Housing Authority this first set of document requests,

to be answered in writing and delivered to the offices of counsel of record by October 10, 2013.

## <u>DEFINITIONS AND INSTRUCTIONS</u>

1.      As used in this discovery request, and as necessary to bring within its scope any

information which otherwise might be outside of its scope:

(a)      The singular form of a word shall be interpreted to include the plural, and

the plural to include singular.

(b)      "And" shall be interpreted to include "or," and "or" to include "and."

(c)      "Including" shall be interpreted as "including but not limited to."

(d)      Defendant shall mean the Chicago Housing Authority.

(e)      "Document" has the broadest possible meaning under Rule 34, including

all writings, papers, e-mails, handwritten notes, calendar pads, appointment books, note pads,

letters, memoranda, telegrams, intra-agency communications of any kind, financial statements,

work papers, records, ledgers, minutes, correspondence, contracts, studies, charts, graphs, data

sheets, bulletins, speeches, press releases, circulars, pamphlets, notices, statements, maps, surveys, microfilm, tape and disk recordings, audio tape, video tape, computer records of any kind, videotape, periodicals, transcripts, pleadings, affidavits, and other tangible communications, wherever located. If a document has been prepared in several copies, or additional copies have been made, and the copies are not identical, whether by reason of subsequent modifications of the copy, by addition of notations or otherwise, each non-identical copy is a separate "document."

     2.    In responding to this discovery request, please furnish all available information, including information in the possession of defendant's subordinates, attorneys, or anyone acting under defendants' direction or control.

     3.    With respect to any document that defendants withhold on a claim of privilege, please provide a statement setting forth as to each document:

     (a)    the name of the author(s) of the document;

     (b)    the name of the recipient(s) of the document;

     (c)    the job title of each person named in (a) and (b) above;

     (d)    the date of the document;

     (e)    the title of the document;

     (f)    the type of document (e.g., memoranda, report, chart, etc.);

     (g)    a brief description of the nature and subject matter of the document; and

     (h)    the statute, rule, or decision which is claimed to give rise to the privilege.

## DOCUMENT REQUESTS

     1.    Each and every document identified by defendant in response to plaintiff's first set of interrogatories, which were served simultaneously with this set of document requests.

DATED:  September 10, 2013       Respectfully submitted,

*One of the Plaintiff's Attorneys*

HARVEY GROSSMAN
ADAM SCHWARTZ
KAREN SHELEY
Roger Baldwin Foundation of ACLU, Inc.
180 North Michigan Avenue, Suite 2300
Chicago, Illinois 60601
(312) 201-9740

3

## CERTIFICATE OF SERVICE

I, Adam Schwartz, an attorney, hereby certify upon oath, I served to the counsel of record listed below a true and correct copy of **PLAINTIFF'S FIRST SET OF DOCUMENT REQUESTS** via messenger and email on September 10, 2013.

Samuel Mendenhall
Kimball Anderson
Elizabeth Papez
WINSTON & STRAWN
35 West Wacker Drive
Chicago IL 60601
smendenhall@winston.com
kanderson@winston.com
epapez@winston.com

Adam Schwartz

# Exhibit 6

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

JOSEPH PEERY, on behalf of himself and    )
all persons similarly situated,    )
     )
        Plaintiff,    )    Case No. 13-cv-589
     )
       v.    )    Judge Sharon J. Coleman
     )
CHICAGO HOUSING AUTHORITY,    )
     )
       Defendant.    )

### NOTICE OF RULE 30(b)(6) DEPOSITION

PLEASE TAKE NOTICE that pursuant to Rule 30(b)(6) of the Federal Rules of Civil

Procedure, Plaintiffs will take the deposition of the Chicago Housing Authority ("CHA")

concerning the matters set forth in Schedule A attached hereto on October 21, 2013, beginning at

10:00 AM, at 180 N. Michigan Ave., Suite 2300, Chicago, Illinois, and continuing day to day

until completed. The deposition shall occur before a person authorized by law to administer oaths.

The CHA shall designate and produce for such deposition the person or persons most

knowledgeable about the matters set forth in Schedule A attached hereto, and shall advise

Plaintiff's counsel at least seven (7) days before the deposition of the person(s) designated to

testify with respect to each matter listed.

DATED: September 10, 2013        Respectfully submitted,

                            *One of the Plaintiff's Attorneys*

                            HARVEY GROSSMAN
                            ADAM SCHWARTZ
                            KAREN SHELEY
                            Roger Baldwin Foundation of ACLU, Inc.
                            180 North Michigan Avenue, Suite 2300
                            Chicago, Illinois 60601
                            (312) 201-9740

## SCHEDULE A TO RULE 30(B)(6) NOTICE

1.      The government interests that defendant asserts in this litigation are advanced by suspicionless drug testing of public housing residents in mixed-income housing developments.

2.      The manner in which defendant asserts that the government's interests identified in item 1 above are advanced by such drug testing.

3.      The defenses that defendant asserts in this litigation, other than the asserted advancement of government interests addressed above in items 1 and 2.

## CERTIFICATE OF SERVICE

I, Adam Schwartz, an attorney, hereby certify upon oath, I served to the counsel of record listed below a true and correct copy of **NOTICE OF RULE 30(b)(6) DEPOSITION** via messenger and email on September 10, 2013.

Samuel Mendenhall
Kimball Anderson
Elizabeth Papez
WINSTON & STRAWN
35 West Wacker Drive
Chicago IL 60601
smendenhall@winston.com
kanderson@winston.com
epapez@winston.com

Adam Schwartz

3

# Exhibit 7

**Adam Schwartz**

| | |
|---|---|
| **From:** | Mendenhall, Samuel <SMendenh@winston.com> |
| **Sent:** | Wednesday, October 16, 2013 2:00 PM |
| **To:** | Adam Schwartz |
| **Subject:** | RE: *Peery v. CHA* - discovery issue |

confirmed

**From:** Adam Schwartz [mailto:aschwartz@ACLU-il.org]
**Sent:** Wednesday, October 16, 2013 1:43 PM
**To:** Mendenhall, Samuel
**Cc:** Adam Schwartz
**Subject:** *Peery v. CHA* - discovery issue

Dear Sam: I write regarding the discovery issues we discussed yesterday and last Friday. In the interest in an amicable resolution, and without waiving any other discovery requests or positions, Mr. Peery accepts the CHA's proposal that the CHA respond by October 25 to Mr. Peery's pending interrogatories and document requests served on September 10. By reply email or otherwise, please confirm that the CHA by October 25 will respond to these interrogatories and document requests. If you have any questions, please do not hesitate to call me at (312) 201-9740, extension 316. Sincerely, - Adam

Adam Schwartz
Senior Staff Counsel
ACLU of Illinois
180 N. Michigan Ave. #2300
Chicago, IL 60601
(312) 201-9740

This message and any files or text attached to it are intended only for the recipients named above, and contain information that may be confidential or privileged. If you are not an intended recipient, you must not read, copy, use or disclose this communication. Please also notify the sender by replying to this message, and then delete all copies of it from your system. Thank you.

The contents of this message may be privileged and confidential. Therefore, if this message has been received in error, please delete it without reading it. Your receipt of this message is not intended to waive any applicable privilege. Please do not disseminate this message without the permission of the author.
**************************************************************************** Any tax advice contained in this email was not intended to be used, and cannot be used, by you (or any other taxpayer) to avoid penalties under the Internal Revenue Code of 1986, as amended.

# Exhibit 8

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

|  |  |
|---|---|
| JOSEPH PEERY, on behalf of himself and all persons similarly situated,<br><br>                            Plaintiffs,<br><br>        v.<br><br>CHICAGO HOUSING AUTHORITY,<br><br>                        Defendant. | **Case No.: 13-cv-5819**<br><br>**The Hon. Sharon Johnson Coleman** |

**CHICAGO HOUSING AUTHORITY'S ANSWERS**
**TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

Pursuant to Federal Rules of Civil Procedure 26 and 33, Defendant Chicago Housing Authority ("CHA") responds to Plaintiff Joseph Peery's First Set of Interrogatories as follows:

**GENERAL OBJECTIONS**

Each of these objections is applicable to each of Mr. Peery's Interrogatories and is incorporated into each and every one of CHA's responses as though fully set forth therein, and is in addition to any specific objections stated for a particular interrogatory.

1.      CHA reiterates and preserves its objection to answering these interrogatories at this very early stage in the litigation pursuant to Rule 33(a)(2) of the Federal Rules of Civil Procedure on the grounds that discovery has not even begun (with the exception of the Court granting limited interrogatories to Plaintiff), and no pretrial conference has been held. CHA cannot adequately and properly answer these contention interrogatories until later in this litigation when it has the benefit of the Court's ruling on its motion to dismiss Plaintiff's complaint, and, if the complaint survives, has formulated its answers to the allegations and been allowed to conduct discovery. Rule 33(a)(2) of the Federal Rules of Civil Procedure expressly

allows the Court to order that contention interrogatories "need not be answered until designated discovery is complete, or until a pretrial conference or some other time."

2.      CHA objects to these interrogatories on the grounds that they are overly broad, unduly burdensome, and beyond the scope of permissible contention interrogatories.

3.      CHA objects to these interrogatories on the grounds that the term "government interest" is vague and undefined throughout the interrogatories.

4.      CHA objects to these interrogatories to the extent that they seek information or documentation protected by the attorney-client privilege, the attorney work-product immunity, and/or any other applicable privilege or immunity.

5.      CHA objects to these interrogatories to the extent they seek information: (a) not reasonably calculated to lead to the discovery of admissible evidence; (b) which is unreasonably cumulative or duplicative, or obtainable from some other source that is more convenient, less burdensome, or less expensive; or (c) which Mr. Peery has had opportunity to obtain from other sources.

6.      CHA objects to these interrogatories to the extent that they call for legal conclusions.

7.      CHA objects to the production of information and documents that are in the public domain and, therefore, are equally accessible to Mr. Peery.

## INTERROGATORIES

1.      Please state each and every government interest that defendant asserts in this litigation is advanced by suspicionless drug testing of public housing residents in mixed-income housing developments.

**ANSWER:**    CHA objects to this interrogatory on the ground that it is argumentative in that it assumes that a "government interest" and, hence, "governmental conduct" or "governmental action," is involved in this litigation. As stated in CHA's motion to dismiss, the drug testing that

Plaintiff complains of is imposed by a private landlord, Holsten Management Company ("HMC"), and is found in a provision of Plaintiff's lease with HMC. CHA is not a party to this lease and the complained-of testing does not involve any "government action." CHA also objects to this interrogatory on the grounds that it seeks information protected by the attorney-client privilege and attorney work product doctrine. Further, CHA objects to this interrogatory to the extent it suggests that the challenged testing policy does not apply to all tenants, whether or not they receive CHA assistance, and to the extent its characterization of certain tenants as "public housing residents" implies legal conclusions about the nature of their tenancy or relationship to CHA. Subject to and without waiving these objections, CHA states that if the testing at issue were found to involve "governmental action," the "special needs" the policy advances include: (1) public safety at Parkside, given the history of safety problems in the surrounding community; (2) promotion of a drug-free Parkside, given the history of drug problems in the surrounding community; (3) protection of the youth residing at Parkside, given the history of harm to youth in the surrounding community; and (4) the special and compelling social, economic, and community development goals served by the historic and unprecedented transformation of Cabrini Green as part of an initiative in which CHA acquiesced in the private developers and resident desires for drug screening in order to promote investment in and acceptance of Parkside, a mixed-income community that provides CHA beneficiaries with the choice of applying their benefits to live in a diverse community that offers a variety of new housing and other amenities.

2. Please state each and every fact on which defendant relies in this litigation in asserting the existence of the government interests identified in Interrogatory 1, including the identity of any supporting documents or persons with knowledge.

3

**ANSWER:** CHA objects to this interrogatory on the ground that it is argumentative in that it assumes a "government interest" and, hence, "governmental conduct" or "governmental action" is involved in this litigation. As stated in CHA's motion to dismiss, the drug testing that Plaintiff complains of is imposed by a private landlord, Holsten Management Company ("HMC"), and is found in a provision of Plaintiff's lease with HMC. CHA is not a party to this lease, and the complained-of testing does not involve any "government action." Further, CHA objects to this interrogatory on the grounds that it seeks information protected by the attorney-client privilege and attorney work product doctrine. CHA also objects to this interrogatory in that CHA is not yet required to file an answer in this litigation, given that its motion to dismiss is still pending. Its motion to dismiss may be granted, or Plaintiffs may be required to replead in an amended complaint. As such, CHA has not yet decided on which facts it intends to rely in this litigation. Lastly, CHA objects to this interrogatory because it seeks or implies legal conclusions. Subject to and without waiving these objections, CHA states that if the testing at issue were found to involve "governmental action," CHA would rely on any admissible or otherwise judicially cognizable facts or evidence regarding (1) the history of safety problems in the surrounding community; (2) the history of drug problems in the surrounding community; (3) the history of harm to youth in the surrounding community; (4) developer and resident demand for tenants who receive CHA benefits to abide by generally-applicable tenancy requirements, including drug screening, as a condition of investing in Parkside; and (5) CHA and public interest in partnering with or encouraging private developers to invest in Parkside that will provide interested CHA beneficiaries with housing choices that allow them to integrate into a mixed-income housing community with a more diverse range of tenants and amenities than were available at Cabrini Green or are available at traditional public housing communities. Persons with knowledge

4

include, but are not limited to, current and former residents at Cabrini Green, current and former residents of Parkside, social service agencies, HMC, Cabrini-Green Local Advisory Council Community Development Corporation, CHA, and local business owners.

3.     Please state each and every fact on which defendant relies in this litigation in asserting that the government's interests identified in Interrogatory 1 are advanced by such drug testing, including the identity of any supporting documents or persons with knowledge.

**ANSWER:**    CHA objects to this interrogatory on the ground that it is argumentative in that it assumes a "government interest" and, hence, "governmental conduct" or "governmental action" is involved in this litigation. As stated in CHA's motion to dismiss, the drug testing that Plaintiff complains of is imposed by a private landlord, Holsten Management Company ("HMC"), and is found in a provision of Plaintiff's lease with HMC. CHA is not a party to this lease, and the complained-of testing does not involve any "government action." Further, CHA objects to this interrogatory on the grounds that it seeks information protected by the attorney-client privilege and attorney work product doctrine. Moreover, CHA objects to this interrogatory in that CHA has not yet been required to file an answer in this litigation, given that its motion to dismiss is still pending. Its motion to dismiss may be granted, or Plaintiffs could be required to replead in an amended complaint. As such, CHA has not yet decided on which facts it intends to rely in this litigation. Lastly, CHA objects to this interrogatory because it seeks a legal conclusion. Subject to and without waiving these objections, CHA states that if the testing at issue were found to involve "governmental action," CHA would rely on any admissible or otherwise judicially cognizable facts or evidence regarding (1) the history of safety problems in the surrounding community; (2) the history of drug problems in the surrounding community; (3) the history of harm to youth in the surrounding community; (4) the lack of drug-related issues at Parkside as compared to the surrounding community before Parkside; (5) developer and resident

5

demand for tenants who receive CHA benefits to abide by generally-applicable tenancy requirements, including drug screening, as a condition of investing in Parkside; and (6) CHA and public interest in partnering with or encouraging private developers to invest in Parkside in order to provide interested CHA beneficiaries with housing choices that allow them to integrate into a mixed-income housing community with a more diverse range of tenants and amenities than were available at Cabrini Green or are available at traditional public housing communities. Persons with knowledge include, but are not limited to, current and former residents at Cabrini Green, current and former residents at Parkside, social service agencies, HMC, Cabrini-Green Local Advisory Council Community Development Corporation, CHA, and local business owners.

4.     Please state each and every defense that defendant asserts in this litigation, other than the asserted advancement of government interests addressed by Interrogatories 1 through 3.

**ANSWER:**     CHA objects to this interrogatory on the ground that it is overbroad. Further, CHA objects to this interrogatory on the grounds that it seeks information protected by the attorney-client privilege and attorney work product doctrine. Moreover, CHA objects to this interrogatory in that CHA has not yet been required to file an answer in this litigation, given that its motion to dismiss is still pending. Its motion to dismiss may be granted, or Plaintiffs could be required to replead in an amended complaint. As such, CHA has not yet decided on which defenses it intends to rely in this litigation. Lastly, CHA objects to this interrogatory to the extent it seeks legal conclusions. Subject to and without waiving these objections, CHA may assert defenses, including, but not limited to, lack of standing, ripeness, waiver, laches, estoppel, lack of government action, special needs, and reasonable circumstances.

5.     Please state each and every fact on which defendant relies in this litigation in asserting the defenses identified in Interrogatory 4, including the identity of any supporting documents or persons with knowledge.

**ANSWER:** CHA objects to this interrogatory on the ground that it is overbroad and unduly burdensome. Further, CHA objects to this interrogatory on the grounds that it seeks information protected by the attorney-client privilege and attorney work product doctrine. Moreover, CHA objects to this interrogatory in that CHA has not yet been required to file an answer in this litigation, given that its motion to dismiss is still pending. Its motion to dismiss may be granted, or Plaintiffs could be required to replead in an amended complaint. As such, CHA has not yet decided on which defenses it intends to rely in this litigation. Lastly, CHA objects to this interrogatory to the extent it seeks legal conclusions. Subject to and without waiving these objections, CHA states it may rely on any facts or admissible or otherwise judicially cognizable evidence relevant to the defenses CHA timely asserts in this litigation, including, but not limited to, lack of standing, ripeness, waiver, laches, estoppel, lack of government action, special needs, and reasonable circumstances. Such facts and evidence would include, but would not be limited to, facts and evidence of Mr. Peery's personal experience with the challenged testing policy, facts and evidence regarding the scope and manner of the testing policy's application and administration, facts and evidence concerning tenants' notice of and consent to the testing, facts and evidence concerning CHA, resident, and private developer involvement in requesting, reviewing or approving the testing policy, facts and evidence concerning HMC's adoption of the testing policy, facts and evidence concerning the relationship between the testing policy and resident and developer requests or support for the policy, and facts and evidence concerning special public safety or community development concerns or goals in the Cabrini Green or Parkside communities and surrounding neighborhoods.

6. Please state each and every fact concerning the pending motion for class certification that defendant disputes.

**ANSWER:**   CHA objects to this interrogatory on the ground that it is overbroad and unduly burdensome.  Further, CHA objects to this interrogatory on the grounds that it seeks information protected by the attorney-client privilege and attorney work product doctrine.  Moreover, CHA objects to this interrogatory in that CHA has not yet been required to file an answer in this litigation, given that its motion to dismiss is still pending.  Its motion to dismiss may be granted.  As such, CHA has not yet decided on its strategy for responding to a motion for class certification.  Lastly, CHA objects to this interrogatory to the extent it seeks legal conclusions.  Subject to and without waiving these objections, CHA disputes all of Mr. Peery's asserted bases for class certification.

        7.        Please state each and every basis on which defendant relies in this litigation in disputing the facts identified in Interrogatory 6.

**ANSWER:**   CHA objects to this interrogatory on the ground that it is overbroad and unduly burdensome.  Further, CHA objects to this interrogatory on the grounds that it seeks information protected by the attorney-client privilege and attorney work product doctrine.  Moreover, CHA objects to this interrogatory in that CHA has not yet been required to file an answer in this litigation, given that its motion to dismiss is still pending.  Its motion to dismiss may be granted.  As such, CHA has not yet decided on its strategy for responding to a motion for class certification.  Lastly, CHA objects to this interrogatory to the extent it seeks legal conclusions.  Subject to and without waiving these objections, CHA states that it may rely on any admissible or otherwise judicially cognizable facts or evidence regarding Mr. Peery's ability fairly and adequately to represent the  interests of the purported class, whether his claims are typical of the purported class members, and whether his claims raise questions of law and fact are not common to the purported class.

Dated: October 25, 2013              Respectfully submitted,

CHICAGO HOUSING AUTHORITY

By: _____

One of its Attorneys

Samuel Mendenhall #6207315
Kimball R. Anderson #49980
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, IL 60601
Tel: (312) 558-5600
Fax: (312) 558-5700
smendenhall@winston.com
Attorneys for Defendant
Chicago Housing Authority

9

## CERTIFICATE OF SERVICE

I hereby certify that on October 25, 2013, I caused to be served a true copy of Chicago

Housing Authority's Answers to Plaintiff's First Set of Interrogatories by email to:

Adam D. Schwartz – aschwartz@aclu-il.org

Samuel Mendenhall

# Exhibit 9

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

|  |  |
|---|---|
| JOSEPH PEERY, on behalf of himself and all persons similarly situated,<br><br>                      Plaintiffs,<br><br>       v.<br><br>CHICAGO HOUSING AUTHORITY,<br><br>                    Defendant. | Case No.: 13-cv-5819<br><br>The Hon. Sharon Johnson Coleman |

## CHICAGO HOUSING AUTHORITY'S RESPONSE
## TO PLAINTIFF'S FIRST SET OF DOCUMENT REQUESTS

Pursuant to Federal Rules of Civil Procedure 26 and 34, Defendant Chicago Housing Authority ("CHA") responds to Plaintiff's First Set of Document Requests as follows:

1.    Each and every document identified by defendant in response to plaintiff's first set of interrogatories, which were served simultaneously with this set of document requests.

**RESPONSE:** CHA objects to this document request on the grounds that it is improper under Rule 26(d)(1) of the Federal Rules of Civil Procedure and beyond the scope of the limited expedited discovery allowed by this Court in its Minute Entry dated September 5, 2013. In particular, at the September 5, 2013 hearing on Plaintiff's motion for leave to take limited expedited discovery, Plaintiff's counsel requested the following discovery: "What the plaintiffs would like today is leave to serve on the defendant a limited set of contention interrogatories with a 21-day return time." September 5, 2013 Hearing Transcript at 5. No other discovery was requested or sought at the hearing. Rule 26(d)(1) provides "A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these

rules, by stipulation, or by court order." Here, no Rule 26(f) conference has taken place, the Court has not authorized the document request, and no other exemption exists for this request.

Dated: October 25, 2013                           Respectfully submitted,

                                                  CHICAGO HOUSING AUTHORITY

                                   By:   _____
                                                  One of its Attorneys

Samuel Mendenhall #6207315
Kimball R. Anderson #49980
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, IL 60601
Tel: (312) 558-5600
Fax: (312) 558-5700
smendenhall@winston.com
Attorneys for Defendant
Chicago Housing Authority

## CERTIFICATE OF SERVICE

I hereby certify that on October 25, 2013, I caused to be served a true copy of Chicago

Housing Authority's Response to Plaintiff's First Set of Document Requests by email to:

Adam D. Schwartz – aschwartz@aclu-il.org

_____

Samuel Mendenhall

# Exhibit 10

1            IN THE UNITED STATES DISTRICT COURT
              NORTHERN DISTRICT OF ILLINOIS
2                 EASTERN DIVISION

3

JOSEPH PEERY, on behalf of himself  )  No. 13 C 5819
4  and all similarly situated persons, )
                            )
5             Plaintiff,      )
                            )
6          v.            )  Chicago, Illinois
                            )  October 3, 2013
7  CHICAGO HOUSING AUTHORITY,      )  8:45 a.m.
                            )
8           Defendant.      )  Motion Hearing

9

10               TRANSCRIPT OF PROCEEDINGS
      BEFORE THE HONORABLE SHARON JOHNSON COLEMAN

11  APPEARANCES:

12  For the Plaintiff:      ROGER BALDWIN FOUNDATION OF ACLU, INC.
                       180 North Michigan Avenue
13                      Suite 2300
                       Chicago, Illinois  60601-7401
14                      BY:  MR. ADAM D. SCHWARTZ
                          MS. KAREN A. SHELEY
15

    For the Stubenfield     LOEVY & LOEVY
16  Plaintiffs:           312 North May Street
                       Suite 100
17                      Chicago, Illinois  60607
                      BY:  MR. STEVEN E. ART
18

19  For the Defendant:      WINSTON & STRAWN
                       35 West Wacker Drive
20                      Chicago, Illinois  60601-9703
                      BY:  MR. SAMUEL MENDENHALL
21

22

23           TRACEY DANA McCULLOUGH, CSR, RPR
               Official Court Reporter
24          219 South Dearborn Street
                  Room 1426
25          Chicago, Illinois  60604
               (312) 435-5570

1           THE CLERK:  13 C 5819, Peery versus Chicago Housing

2 Authority.

3           MR. SCHWARTZ:  Good morning, Your Honor.  Adam

4 Schwartz for plaintiff Peery.

5           MS. SHELEY:  Good morning, Your Honor.  Karen Sheley

6 for plaintiff Peery.

7           MR. ART:  Good morning, Your Honor.  Steve Art for

8 the Stubenfield plaintiffs.

9           MR. MENDENHALL:  Good morning, Your Honor.  Sam

10 Mendenhall on behalf of defendant Chicago Housing Authority.

11           THE COURT:  You all were just here.

12           MR. SCHWARTZ:  Yes.  We're here because the Peery

13 plaintiff wants to participate in the preliminary injunction

14 hearing and process that's been set in the Stubenfield case,

15 and so we have filed a consolidation motion.  We think --

16           THE COURT:  You're no longer objecting to the

17 relatedness situation that's before the Court.  You want to

18 consolidate per the Court's suggestion so that you can

19 participate in the process where it is now, is that correct?

20           MR. SCHWARTZ:  Yes.  And just for clarification, we

21 never opposed the transfer as related.

22           THE COURT:  All right.  And you're also requesting

23 something else I believe.

24           MR. SCHWARTZ:  We are.  We would like to set for the

25 first time a briefing schedule on our motion for preliminary

1    injunction.  That motion has been pending since August 19.

2    We'd like to have a schedule on the PI motion in the Peery

3    case, which is the same as in the Stubenfield case, so that we

4    would have our response from the CHA on that on the 10th, and

5    we would reply on the 17th.

6          THE COURT:  And before I get to Mr. Mendenhall, the

7    Court believes you also were asking for -- not only for the two

8    requests for preliminary injunction to be linked up, but also

9    for the defendants to have to file a separate response to

10    yours.

11          MR. SCHWARTZ:  Yes.  We are asking for that.  If

12    there is a way to -- if the defendant wants to file a one brief

13    that addresses all of the issues in both preliminary

14    injunctions, we wouldn't have an issue with that.  Obviously

15    there are some overlapping issues on both the 4th Amendment

16    merits and the class certifica -- the preliminary injunction

17    factors.  We also have an Illinois constitutional claim in our

18    PI, but I think that is a smaller issue.

19          THE COURT:  All right.  Mr. Mendenhall.

20          MR. MENDENHALL:  Your Honor, if I may address it.  At

21    the outset I want to point out I was, I was expecting to see

22    counsel for TCB here because this scheduling would obviously

23    impact them.  And Mr. Schwartz just informed me that they were

24    not given notice, so I'm somewhat concerned about proceeding

25    without them having notice.  But I will continue if the Court

1   so desires.

2                THE COURT:  Please do.

3                MR. MENDENHALL:  Okay.  Your Honor, and Mr. Schwartz,

4   he and I spoke twice yesterday.  To say that he doesn't know my

5   position, Your Honor, respectfully -- and I assume it was an

6   inadvertent oversight.  But Mr. Schwartz and I spoke twice

7   yesterday.  In fact, I called him back a second time and said,

8   Mr. Schwartz, let's try to be reasonable and reach a reasonable

9   agreement.  I told him the issue that I had, Your Honor, is

10  that by a week from today under his proposal I would have to

11  file a reply to a 31-page motion -- I would have to file a

12  response to a 31-page Stubenfield brief, a 15-page Peery brief,

13  and a motion to dismiss.

14               Your Honor, I am just one person, Your Honor.  Do I

15  have a couple of associates working?  Yes, but, Your Honor, to

16  do three filings in one week -- and this is a government

17  client.  I can't just staff resources at whim.  I am very

18  cognizant of the -- as I'm sure Your Honor is being a

19  government entity yourself, of the resources and the

20  restrictions that I'm working under in that regard.  But then

21  equally important, Your Honor, there is Seventh Circuit

22  precedent law that's -- in the Davis case that says unless and

23  until plaintiffs establish standing, there can be no class, not

24  even a putative class.  And, Your Honor, we have moved to

25  dismiss in the Peery case.  And so, Your Honor, that motion to

1    dismiss would have to be heard first.

2            And so here's the thing about that, Your Honor:  So
3    right now the motion to dismiss in the Stubenfields is
4    scheduled to be briefed.  We have to have that filed by a week
5    from today, in addition to the 31-page response and the 15-page
6    response.  And then they file replies to both of the
7    preliminary injunction, our responses.  And then we have four
8    days to file replies.  And then, Your Honor, we also would have
9    four days to file two replies to their motion to dismiss and
10   the Stubenfields.  And, Your Honor, it's really one business
11   day because their reply is not due -- their response is not due
12   till October 17th, and our -- which is a Thursday.  So they can
13   file up to midnight.  And then we have to file a reply by the
14   21st.

15           And, Your Honor, candidly I'm not sure that the Court
16   is aware, but, Your Honor, I'm also an ordained minister. I
17   pastor a church in the heart of Englewood.  So my weekends
18   aren't free weekends, Your Honor.  I spend my Saturdays and
19   Sundays at my church with my congregation.  And I'm the -- I'm
20   pretty much the only full-time minister -- well, I'm the
21   minister responsible for everything at the church.  There's not
22   a lot of help.  There really isn't any help pretty much, Your
23   Honor.

24           And so, Your Honor, the last thing that I want to
25   show the Court -- may I hand --

1          THE COURT:  Yes.

2          MR. MENDENHALL:  May I approach the bench, Your

3     Honor.

4          THE COURT:  You may.  Yes, you may.

5       (Document tendered.)

6          THE COURT:  I'm assuming you're showing me something

7     that's already been shown.

8          MR. MENDENHALL:  Yes, it is.  It's the plaintiff's

9     motion for a temporary restraining order.  And it shows that in

10    the 10 years this policy has been in place no one has been

11    evicted, Your Honor.  So there's no fire drill, Your Honor.

12    There is absolutely no reason that we are on this condensed

13    schedule where I have to file three briefs in one week and then

14    file two briefs in one business day, Your Honor.  That's just

15    simply a weight on me that is extremely, extremely burdensome,

16    Your Honor.

17         THE COURT:  Response.

18         MR. SCHWARTZ:  Yes.  First of all, the Peery

19    plaintiff has not sued TCBI or any other developer, and what

20    we're seeking here has no impact on their briefing schedule.

21    So we did not view them as a necessary party to this hearing

22    today.  I assume that they have signed up for the Court's ECF

23    function on the Peery case and were aware of this.

24         No. 2, as to the urgency.  Every week there are

25    dozens of class members who are being subjected to this policy.

1   The urgency is from taking the test and not merely from the

2   danger of eviction.  No. 3, I did not mean to misstate any

3   position from the defendants in our motion here.  There was a

4   change in our motion before we had an opportunity to speak to

5   him again, and I did not want to make any assumptions.  No. 4,

6   the motion for preliminary injunction that we have in the Peery

7   case has been pending at this point for over six weeks.  And we

8   assume that Winston & Strawn has been researching and figuring

9   out their arguments on this point.  So it's not as though this

10  is coming from nowhere and there's only one week to respond it

11  to.

12          Next, there is no need for any reason in law or

13  common sense to resolve this motion to dismiss before resolving

14  the preliminary injunction.  And finally, we are not seeking in

15  the motion that we filed a rescheduling of the motion to

16  dismiss in the Peery case.  Although if someone views that as

17  necessary, we're happy to talk about how that might happen.

18          MR. MENDENHALL:  Your Honor --

19          THE COURT:  All right.  Before you respond, Mr.

20  Mendenhall, there's a few things here.  First, you're talking

21  about the tight schedule starting with your response, also

22  known as what you're expecting to be a motion to dismiss due

23  next week on one of the cases.  So you're having a -- the CHA

24  is responding to I believe Stubenfield's motion to --

25  responding to their complaint with a motion to dismiss or some

1  other type of response, is that correct?

2          MR. MENDENHALL:  That is correct, Your Honor.

3          THE COURT:  And you're talking about that due date

4  coming up.  If the record is clear, you all maintained that

5  date.  If you would asked the Court -- you said it will be

6  ready next week.  It was the statement of your side.  And I

7  said next week you said you'd be ready?  Yes.  And so I held

8  you to it.  So if there was some need for more time, this Court

9  would have probably given you, the defendants more time for

10 that.  And so that was one of the requests.  So I just want to

11 make that clear, that the Court had not started out with that

12 tight a time frame.  You also started out with that.

13          The other thing is is that the Court I guess had some

14 questions, actually on both sides, and I'll let Mr. Mendenhall

15 start off answering it is:  What is the difference really in

16 the issues, the main issues here that are in the Peery case --

17 I mean, other than, of course, they're asking for class

18 certification.  But other than in the Peery case versus the

19 Stubenfield?

20          MR. MENDENHALL:  Oh, I'm glad you asked.  I'm glad

21 you asked, Your Honor.

22          THE COURT:  And you know what --

23          MR. MENDENHALL:  Please continue.

24          THE COURT:  -- and as you say that, I'm going to ask

25 you to freeze on that.  We have other people who are here who

1    were set and not an emergency.  Have a seat.  Thank you.

2              MR. MENDENHALL:  Thank you, Your Honor.

3         (Whereupon, other matters were heard in open court.)

4

5              THE CLERK:  Recalling 13 C 5819, Peery versus Chicago

6    Housing Authority.

7              THE COURT:  All right.  Thank you for your patience.

8    And go ahead and state your name for the record again.

9              MR. SCHWARTZ:  Adam Schwartz for plaintiff Peery.

10             MS. SHELEY:  Karen Sheley for plaintiff Peery.

11             MR. ART:  Steve Art for the Stubenfield plaintiffs,

12   Your Honor.

13             THE COURT:  All right.  Thank you.

14             MR. MENDENHALL:  And, Your Honor, Sam Mendenhall on

15   behalf of the Chicago Housing Authority.

16             THE COURT:  And before we get started with that last

17   question I asked you, I just -- so much has gone on with all

18   the dates, I just wanted to really go through with my red pen

19   and make sure I was connecting all the dots.  And just so we

20   can clarify the record here, we had a date set -- or a schedule

21   set with Peery on the complaint.  The motion to dismiss has

22   been filed by the defendant CHA, 12 (b) 7, 12 (b) 6.  A

23   response is due on October 17th.

24             MR. SCHWARTZ:  Yes.

25             THE COURT:  And the reply's due on October 31st.  And

 1  with a hearing date of November 4th.  Is that everybody's

 2  understanding?

 3          MR. SCHWARTZ:  Yes.

 4          THE COURT:  And Stubenfield came in and they're now

 5  on my call, a related case.  And on their complaint a motion --

 6  the response, which is I've already been told is going to be a

 7  motion to dismiss, is due on October 10th.  At this point we

 8  have no problem.  Is that correct, Mr. Mendenhall?

 9          MR. MENDENHALL:  And that's correct, Your Honor.

10          THE COURT:  All right.

11          MR. MENDENHALL:  And that's the --

12          THE COURT:  And then the response by Stubenfield is

13  due by the 17th.  And the problem comes in I think with the

14  fact that then you have -- that's like a Thursday and then on

15  the 21st one of the problems is is that the defendant has a

16  reply to that motion to dismiss due on the 21st.  Then you have

17  the hearing -- then you have something else due on the 31st, is

18  that correct?  Is that where the problem comes in?

19          MR. MENDENHALL:  Exactly.  And, Your Honor --

20          THE COURT:  All right.  I'm not quite done.

21          MR. MENDENHALL:  Oh, okay.

22          THE COURT:  And right now we also have -- mirroring

23  this we have the Stubenfields' preliminary injunction motion

24  with a response by the 10th and the reply by the 17th.  Am I

25  correct with all my dates?

```
 1            MR. ART:  Correct, Your Honor.

 2            MR. MENDENHALL:  Yes.

 3            THE COURT:  And even though the motion for

 4   preliminary injunction and your complaint for preliminary

 5   injunction, a lot of the issues are the same different

 6   standards, but a lot of -- it's not like reinventing totally

 7   the wheel and we're dealing with similar facts.  The Court

 8   understands there's a lot going on and a lot to do there.

 9            So you can address my last point if you wish, Mr.

10   Mendenhall, and then the plaintiffs can also address that point

11   briefly.  And then the Court will tell you what I figured out.

12   All right.

13            MR. MENDENHALL:  Okay.

14            THE COURT:  Proceed.

15            MR. MENDENHALL:  And thank you, Your Honor.  And,

16   Your Honor, we remain ready, willing, and able to reply -- to

17   file our motion to dismiss October 10th, Your Honor.  I

18   represented to the Court, and, Your Honor, you have my word, we

19   will have that filed that day.  And, Your Honor, the challenge

20   came -- and so when we made that representation in open court,

21   that was a representation that I fully intend to stand by as an

22   officer of the Court, Your Honor.  But at that point we had no

23   idea that the Court would issue a ruling later that day with

24   the expedited schedule, as you pointed out, the 10/10 and then

25   the 10/17.
```

1           And then now, Your Honor, we're now faced with
2   another reply by 10/10.  And then again, Your Honor, a motion
3   to dismiss has to be heard, Your Honor, before the preliminary
4   injunction because, Your Honor, we firmly believe that there is
5   no viable cause of action here.  There is no government action,
6   Your Honor.  And if I may simply show the Court a copy of the
7   lease at issue.
8           THE COURT:  The Court doesn't want to argue the
9   substance of the motion.
10          MR. MENDENHALL:  Okay.  No, it won't be arguing the
11  substance of the motion, but I just want to show you on the
12  first page, Your Honor.
13          THE COURT:  What page are you referring to?
14          MR. MENDENHALL:  The first page.  Oh, the cover page.
15  The CHA is not a party to any of the leases at issue.  And so
16  our key argument in the motion to dismiss is based on no
17  government action.  If this Court finds that there's no
18  government action, we never even get to the preliminary
19  injunction hearing.  So counsel -- and I respect Mr. Schwartz
20  dearly.  While he brushes off this concept that the motion has
21  to be heard -- doesn't have to be heard before the preliminary
22  injunction, Your Honor, I respectfully disagree.  That we have
23  a right to have a motion to dismiss heard showing that there's
24  no case or controversy, i.e, there's no government action.
25          These are private party leases where there is

1   70 percent of the people being tested are not CHA residents.

2   So this is a private developer who has the standard across the

3   board.  Even if this Court at some point enters preliminary

4   injunctive relief, 70 percent of the people who live there will

5   still be tested.  The only people who will not be tested would

6   be CHA residents.  And that's the part that's deeply

7   disturbing, Your Honor.  The concept that this is somehow CHA,

8   when it's a private developer with an across the board standard

9   for everyone who lives there, Your Honor.  And so that's the

10  issue I'm raising.

11          And then, Your Honor, lastly as I was talking to you

12  again, again, it is so onerous given that we have just this

13  weekend before three --

14          THE COURT:  The Court understands those arguments,

15  Counsel.  I'll take those into consideration.

16          MR. MENDENHALL:  And then, Your Honor, the only other

17  thing I wanted to mention is again, as I mentioned the

18  following week, but then again this weekend I have the same

19  responsibilities --

20          THE COURT:  The Court understands.

21          MR. MENDENHALL:  -- at my --

22          THE COURT:  And I have taken that into consideration.

23          MR. MENDENHALL:  Okay.

24          THE COURT:  All right.  You wanted to respond

25  briefly, Mr. Schwartz.

**14**

1      MR. SCHWARTZ:  Yes.  Just very briefly.  No. 1, we do

2   not agree with the suggestion that we have to resolve the

3   motion to dismiss before we resolve the preliminary injunction.

4   The issue that Mr. Mendenhall --

5      THE COURT:  Go ahead.

6      MR. SCHWARTZ:  The issue Mr. Mendenhall has raised of

7   state action, that can be resolved in the context of the

8   preliminary injunction.  We don't have to go through a motion

9   to dismiss.  I'd be happy to speak to the state action issue.

10  It's in -- it is addressed in our preliminary injunction

11  memorandum.  But unless you ask me to, I'll rest for now on the

12  merits of our state action argument that's in that brief.

13      No. 2, the additional burden on Mr. Mendenhall of

14  responding to two preliminary injunctions on October 10th is

15  de minimis because it's the same state action question, it's

16  the same merits question, it's the same consent question.  The

17  only difference that I'm aware of is the Illinois constitution

18  issue.  But again, that's a very small issue.  No. 3, it has

19  been suggested there's a jurisdictional issue here.  There is

20  no jurisdictional issue.  I have not heard any explanation of

21  how that could be.

22      Finally, if it would be helpful to this Court and to

23  the defendant's briefing schedule, the plaintiff Peery and I

24  won't for speak Stubenfield, but I think also Stubenfield,

25  would be happy to move the deadline on the -- the pending

1      deadlines on both cases on the motion to dismiss responses from

2      where they are now, Thursday, October 17th upwards to Monday,

3      October 14th.  Thereby giving CHA a full week to respond -- or

4      excuse me, to reply in support of the motion to dismiss.

5            MR. ART:  Your Honor, we agree with that.  We are

6      willing to move that date up as well to get this done in as

7      expeditious a fashion as possible.

8            THE COURT:  All right.  The Court has a couple of

9      things here.  Although the Court agrees with the plaintiffs

10     that there are many of the issues that are going to be

11     researched probably have been, are being, and a lot of things

12     overlap.  You have two parties here and potentially more.  And

13     I'm certain that if something comes up -- the information that

14     you have regarding another named person that's not just part of

15     this class that isn't filled in yet, that I'm certain that you

16     will be in on whatever motion you believe is appropriate to

17     address that particular individual.  And clearly you have no

18     problem with coming back regularly here.

19           And so the Court -- what the Court needs to do is

20     make sure I keep everything straight.  All right.  So

21     regardless of the Court's deference to Mr. Mendenhall's

22     schedule or even to the plaintiffs, this Court is going to look

23     at the schedule that makes the most sense to making sure this

24     Court gets it right as to all the different moving parts here.

25     And otherwise it makes no sense to have the case related in

1  front of me if it ends up getting more tangled here than it
2  would in separate courts.

3  And so as to the -- as to the defendant CHA's motions
4  to dismiss the complaints, the briefing schedule is already
5  underway on Peery.  It will stay in place till the 17th for the
6  response, the 31st for the reply, the hearing date for November
7  4th.  The Court does believe it is best to keep those together
8  as far as with Stubenfield and hear them at the same time.  The
9  Court's going to again hold the CHA to their date, because I am
10  certain they've probably started on that, the October 10th for
11  their response to Stubenfields' complaint, which is, as they've
12  told me, is going to be a motion to dismiss also.  Probably on
13  the same issues.

14  MR. MENDENHALL:  Yes, it will, Your Honor.

15  THE COURT:  The response is still due on
16  October 17th.  And the Court is going to push that reply date
17  till the 31st so it's the same time as the Peery date.  All
18  right.

19  MR. MENDENHALL:  Thank you, Your Honor.

20  THE COURT:  And there will be a hearing on that
21  matter also.  It will all be on November 4th.  As to the
22  response to Stubenfields' preliminary motion, this Court is
23  going to hold off on that for now.

24  MR. MENDENHALL:  Thank you, Your Honor.

25  THE COURT:  There will not be a response due.  I'm

1    going to stay that.  I'm going to go ahead and decide quickly,

2    because I want to go ahead -- I don't want to have multiple

3    ones out there.  It will allow this Court to decide before the

4    Thanksgiving holiday the ruling on the motion to dismiss.  And

5    if the case moves on from there, we will move on with all

6    deliberate speed.  And if there's something that comes up in an

7    emergency mode, the Court will definitely undertake it.  Right

8    now based on what has been presented not just today but

9    throughout and what I'm seeing is that the named people here

10   according to -- and you can correct me if I'm wrong right

11   now -- first of all, no testing is coming up for any of them

12   until May I believe?

13             MR. MENDENHALL:  Of 2014, Your Honor.

14             THE COURT:  And you haven't shown this Court anyone

15   who's in harm's way of being tested prior to that according to

16   the CHA.

17             MR. ART:  If I could address that briefly, Your

18   Honor.

19             THE COURT:  Yes, you may on behalf of Stubenfield.

20             MR. ART:  From the perspectives of the Stubenfields,

21   they've been involved within the past couple months in active

22   eviction proceedings.  It's because those proceedings have been

23   dismissed without prejudice that they're even able to come in

24   here and ask you for preliminary injunction relief.

25             THE COURT:  The Court heard all that argument on

1   Tuesday.

2          MR. SCHWARTZ:  Okay.  From our perspective the

3   Court's set schedule on the preliminary injunction hearing for

4   the Stubenfields addressed that concern.  We would ask that

5   there be at least some briefing schedule so that they could get

6   that preliminary relief before perhaps there actually is a

7   jurisdictional problem in this Court.  As soon as those

8   proceedings start, you know, in the Circuit Court of Cook

9   County, they're not going to be -- I mean, the CHA will be in

10  here saying there's a Younger problem.

11         THE COURT:  Your argument, Counsel, assumes that --

12  or presumes something that I don't think is true, and that is

13  that there's no notice.  Like they just go right in.  There's

14  no letter.  There's no notice.  There's no time period before

15  they get into court, and that's not true.

16         MR. ART:  Our concern is simply that that notice is

17  the initiation of state court proceedings.  And we may have a

18  very serious jurisdictional problem at that point in time.

19         THE COURT:  Well, you weren't here, Counsel, on

20  Tuesday also --

21         MR. ART:  Okay.

22         THE COURT:  -- where counsel said and stated on the

23  record that the CHA was not going to be evicting anybody, which

24  I actually asked, and I can even make part of my order and put

25  it in writing.  I mean, they said on the record that it wasn't

1    going to happen.  Go ahead.

2              MR. ART:  I'm sorry, Your Honor.  To the extent that

3    the CHA is not planning to advance with eviction proceedings

4    against any of these clients, then they have no objection to

5    this preliminary injunctive relief that we're asking for.  All

6    we're asking for is preservation of the status quo until the

7    Court can consider the merits of our constitutional claim.

8              THE COURT:  Now, that's a fair point.  Preservation

9    of the status quo is basically what you're saying.  Your

10   response to that, Mr. Mendenhall.

11             MR. MENDENHALL:  Your Honor, we argued all of these

12   points on Tuesday.  Your Honor --

13             THE COURT:  Well, no.  The one point that hasn't been

14   argued was the fact that we pushed back -- this Court is going

15   to put on hold any -- dealing with the motion for preliminary

16   injunction.  And so if the Court -- that's the difference.  And

17   so the Court's made a difference there.  And they're just

18   saying to basically put in writing what you said in court,

19   meaning that until such time as we get to this point, there

20   will be no evictions initiated by the CHA on this basis as the

21   Court put in its order.

22             MR. ART:  And, Your --

23             THE COURT:  I'll let him respond.

24             MR. MENDENHALL:  Your Honor, if I may address the

25   issue.  Your Honor, a couple of things once again.  And that's

1   why I showed you that lease.  The CHA is not a party to the

2   lease.  But counsel for TCB, which is why I told you I thought

3   they should be here and they weren't given notice, TCB

4   represented in court in front of Judge Kennelly that they would

5   not move to evict the Stubenfields before you resolve this

6   issue.  So, Your Honor -- and I am telling you, Your Honor, we

7   believe that there is no government action because it's a

8   private party.

9           But to the extent they're even alleging that, I am

10  representing to you as counsel for the CHA that the CHA will

11  not move to evict the Stubenfields before you resolve this

12  issue.  So all the relief that they're seeking is granted, Your

13  Honor.  He's rearguing issues that we've been through in front

14  of Judge Kennelly and that we've been through in front of you

15  on Tuesday, Your Honor.  That makes no sense for us to start

16  briefing a preliminary injunction brief if you find there's no

17  state action and agree with our motion to dismiss.

18          MR. ART:  Your Honor, to respond to that briefly.  On

19  the state action question, that is not a jurisdictional issue.

20  Courts routinely resolve these issues of preliminary equitable

21  relief ahead of a motion to dismiss.  I don't doubt counsel's

22  representation that the Stubenfields will not be evicted.  My

23  point is that that representation itself is an agreement that

24  preliminary injunctive relief pending a final resolution of the

25  constitutional issues in this case is appropriate.

1        The Seventh Circuit case law makes it perfectly clear
2    that a party on preliminary injunction proceedings can't come
3    into court and say we will preserve the status quo.  Don't
4    worry about it, Court.  The Court has the power to issue
5    temporary relief pending a more detailed look at the merits of
6    the case, and that's all we're asking.
7        THE COURT:  Counsel, my last docket entry, which I
8    don't see it showing up on my screen -- well, as of October 1st
9    says, plaintiffs did not show -- plaintiff Stubenfield did not
10   show irreparable harm from suspicionless drug entry by
11   defendants, especially in light of counsel for defendant CHA's
12   representation on the record that its client would not seek to
13   evict the plaintiffs on the basis of failing to comply with the
14   lease provision mandating the drug testing.
15       Additionally, as represented to the Court, none of
16   the named plaintiffs would face drug testing until their lease
17   renewal period in 2014.
18       MR. MENDENHALL:  Exactly, Your Honor.
19       THE COURT:  That's in the Court's order.  That's part
20   of the record.  And so for you to keep bringing this point up
21   when it's been stated in court and it's in the Court's minute
22   order, the Court does not see where a few weeks difference, and
23   we're not talking about a long period of time, would change
24   this situation and would allow this Court -- now, I have two --
25   you know, I have you coming in today on behalf of Stubenfield.

1   I had a long argument by another counsel and you weren't here

2   coming in for Stubenfield in which we did the same thing.  I've

3   got two counsels from Peery here, and then I had Peery being

4   fairly silent on the issue on Tuesday, but then they said, oh,

5   no.  Yes, we do want to come in if you want to let us.  We want

6   it decided.

7           This Court's got to get a handle on all these

8   different parties and make sure it's handled expeditiously as

9   well as correctly as far as this Court's concerned.  The Court

10  has ruled.  It's going to be stayed.  And the information is

11  there on the docket.  There's not -- and I am certain you will

12  have enough time and will with all due speed run in here and

13  let me know if the CHA or the entities that are the landlords

14  on these properties start doing any type of action as far as

15  trying to evict people on the basis that we're dealing with

16  this case here.  All right.

17          So the Court has ruled.  The Court is going to stay

18  the responses.  November 4th there will be a hearing.  And then

19  after that hearing, the Court will rule as quickly as possible.

20  It will be before the holiday, the Thanksgiving holiday, and we

21  can get in place immediately an expedited schedule to try to

22  deal with the preliminary injunction motions and try to have

23  that done before the next holiday.  So that's the Court's mind

24  of the way the schedule's going to run.  If there's some other

25  emergency basis you feel you need to come in, the Court will

1    allow it.  I'm going to see you all on November 4th.  At what

2    time, Mrs. Hunt?

3             THE CLERK:  9:30.

4             THE COURT:  9:30.  Thank you very much.

5             MR. MENDENHALL:  Thank you, Your Honor.

6             MR. SCHWARTZ:  Thank you, Your Honor.

7             MS. SHELEY:  Thank you, Your Honor.

8                      CERTIFICATE

9             I HEREBY CERTIFY that the foregoing is a true,

10   correct and complete transcript of the proceedings had at the

11   hearing of the aforementioned cause on the day and date hereof.

12

13   /s/TRACEY D. McCULLOUGH                    October 10, 2013

14   Official Court Reporter                              Date
     United States District Court
15   Northern District of Illinois
     Eastern Division
16

17

18

19

20

21

22

23

24

25