UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOSEPH PEERY, on behalf of himself and all persons similarly situated, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | Case No. 13-cv-5819 |
| CHICAGO HOUSING AUTHORITY, | ) ) | |
| Defendant. | ) ) | Judge Sharon Johnson Coleman |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Joseph Peery ("Peery"), filed a Class Action Complaint against the Chicago Housing Authority ("CHA") for violating the U.S. Constitution and the Illinois Constitution by conducting warrantless and suspicionless drug-testing as a condition of occupancy in public housing units in the mixed-income development Parkside. CHA moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(7) for failure to join a necessary party. CHA also moves to dismiss the complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) arguing that Peery fails to allege state action sufficient to support a 42 U.S.C. § 1983 claim for a constitutional violation and fails to allege adequate factual basis for the reasonableness of the search and to overcome consent to the search. This Court heard oral arguments on this motion on November 4, 2013. For the reasons stated below, this Court denies the motion.

**Background**

Peery is a CHA beneficiary who resides in an apartment in the Parkside mixed-income development. Parkside is owned by Parkside Nine Phase I, L.P., and managed by Holsten

1

Management Corporation ("HMC"). CHA developed Parkside as part of its Redevolopment Plan. Peery is seeking a permanent injunction to prevent suspicionless drug testing as a condition of his residency at Parkside. Peery claims the drug-testing violates his Fourth Amendment right against unreasonable searches and seizures. CHA moves to dismiss the Complaint in its entirety.

**Legal Standard**

In order to survive a motion to dismiss pursuant to Rule 12(b)(6), a complaint must contain sufficient factual allegations to state a claim of relief that is plausible on its face. *Ashcroft*, 556 U.S. 662, 678 (2009). The basic pleading requirement is set forth in *Federal Rule of Civil Procedure* 8(a)(2), which requires a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although Rule 8 does not require a plaintiff to plead particularized facts, the factual allegations in the complaint must sufficiently raise a plausible right to relief above a speculative level. *Arnett v. Webster*, 658 F.3d 742, 751–52 (7th Cir. 2011). When ruling on a motion to dismiss a court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

**Discussion**

I.     *Failure to Join a Necessary Party*

CHA first moves to dismiss the complaint for failure to join a necessary party pursuant to FRCP 12(b)(7) and FRCP 19(a)(1). CHA argues that HMC is a necessary party to the litigation because HMC, not CHA, is a party to the contract – the lease containing the drug testing provision.

Under Rule 19(a)(1) a party is required to be joined if: (A) in that person's absence, the court cannot accord <u>complete relief</u> among existing parties; or (B) that person <u>claims an interest</u>

relating to the subject of the action and is so situated that disposing of the action in that person's absence may: (i) impair or impede their ability to protect their interest; or (ii) leave the existing party subject to substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of that interest. CHA cites *United States ex. rel. Hall v. Tribal Dev. Corp.*, 100 F.3d 476, 479 (7th Cir. 1996), for the proposition that "a contracting party is the paradigm of an indispensable party." However, the Seventh Circuit notes that "sweeping declaration has its limits." *Id.* What the Seventh Circuit found was "in an action to set aside a lease or a contract, all parties who may be affected by the determination of the action are indispensable." *Id.* CHA argues that HMC is Parkside's manager and Peery's lessor and that HMC, not CHA, is a party to the Parkside lease that requires the drug screening that Peery challenges as unconstitutional. Further, CHA asserts that "HMC's rights are directly at stake, and the Court cannot nullify the challenged lease term without allowing HMC an opportunity to be heard." CHA also asserts that without HMC the Court cannot confer complete relief because it is HMC's lease that imposes the screening requirement and the screening is done at HMC's office.

  This Court finds that HMC is a necessary party. The lease at issue does have HMC as a signatory and one of the central issues of fact at stake is to what extent CHA is responsible for the lease provision at issue. Discovery will be simplified by the addition of HMC as a party. Execution of any injunction that may result from this litigation will be facilitated by joining HMC as a defendant. Peery's argument that there is no lease at issue because he already tested under his current lease and that he "is not seeking to strike the drug testing requirement in his existing lease with HMC," is unpersuasive and would result in a problem of jusiticiability. Although this Court finds that HMC is a necessary party, dismissal of the complaint is not the appropriate remedy, instead HMC should be joined.

II. *Failure to State a Claim*

CHA also argues that this Court should dismiss Peery's complaint pursuant to FRCP 12(b)(6) for failure to state a claim. CHA makes three basic arguments: first, Peery fails to plead any facts to support an inference that HMC's lease with the drug-testing provision is government action sufficient to bring a section 1983 claim; second, Peery has consented to the testing each of the last three years (since he moved in to Parkside in 2010) and thus has waived any Fourth Amendment violation; and third, even if the testing is a government search, Peery has not adequately plead that it is unreasonable.

 1. *State Action*

CHA asserts that Peery must plead facts that, taken as true, would show that CHA coerced or significantly encouraged HMC to implement and maintain the drug screening policy. CHA contends that HMC is Parkside's private manager and is the entity responsible for the drug screening policy as a condition of its own lease. CHA argues that Peery's allegations of CHA oversight are too conclusory to allege state action. Moreover, the allegations do not tie CHA to the specific policy at issue. CHA has largely argued from a summary judgment posture rather than a dismissal posture by asserting that Peery be required to allege facts ordinarily required for motions brought after discovery. Peery alleges in his complaint that the drug testing requirement is the result of CHA policy alone.

 Even if we consider whether there is state action through joint activity, Peery has alleged sufficiently CHA's involvement. "To establish Section 1983 liability through a conspiracy theory, a plaintiff must demonstrate that: (1) a state official and private individual(s) reached an understanding to deprive the plaintiff of his constitutional rights, and (2) those individual(s) were

4

willful participants in joint activity with the State or its agents." *Brokaw v. Mercer County*, 235 F.3d 1000, 1016 (7th Cir. 2000) (quoting *Fries v. Helsper*, 146 F.3d 452, 457 (7th Cir. 1998)).

Here, Peery alleges that under the CHA's Relocation Rights Contract, certain apartments at the new mixed-income housing developments are reserved for CHA tenants and that he resides in one of those units at Parkside. Peery further alleges that the CHA requires all adults seeking admission or continued occupancy to rental apartments reserved for CHA tenants in certain mixed-income developments to take and pass a suspicionless drug test. Peery's allegations that the CHA developed Parkside on the former Cabrini-Green site as part of its development plan and that he resides in a public housing unit are sufficient at this juncture to allege state action. Further, one of CHA's own exhibits, the "Moving to Work Annual Report for FY 2008," states that "Each mixed-income/mixed-finance community has different policies, leases, and TSP ["Tenant Selection Plans"] that are formulated by the developer and the working group." (Dkt. 35-1, Ex. 4 at 97.) The working group includes CHA representatives. The document goes on to state that the draft lease and TSP must be approved by the CHA Board before becoming effective. *Id.* While the CHA argues that it is not involved in the drug testing, this Court finds that the degree to which the CHA is or was involved with the development leases and of the drug testing requirement is not ascertainable by plaintiffs without discovery. This Court finds there are sufficient facts from which this Court may draw a reasonable inference that there is state action, at least to permit discovery.

    2.    *Consent to Screening*

CHA also argues that "a search conducted pursuant to a valid consent is constitutionally permissible." *Schneckloth v. Bustamonte*, 412 U.S. 218, 222 (1973). According to CHA, the testing does not implicate the Fourth Amendment because Peery consented to the drug testing

5

only as a condition for residency at Parkside and not as a condition for receiving benefits. However, the Supreme Court in *Schneckloth* held that "the question whether a consent to a search was in fact 'voluntary' or was the product of duress or coercion, express or implied, is a question of fact to be determined from the totality of all the circumstances." *Id.* at 227; *see also Valance v. Wisel*, 110 F.3d 1269, 1278 (7th Cir. 1997). Here, Peery alleges that the consequence of non-compliance with the drug testing requirement is eviction from his home. This allegation sufficiently raises the specter of coercion for this Court to infer at this stage of proceedings that plaintiffs' consent may not have been voluntary.

*3. Reasonableness of the Search*

CHA also argues that, even if the drug screening constitutes a government search, plaintiffs fail to plead the testing is unreasonable. According to CHA, it is "perfectly reasonable for CHA to expect its beneficiaries to adhere to the generally applicable requirements of a private housing development in which the beneficiaries choose to live…". Further, CHA asserts that the facts as pleaded show only a minimal intrusion on Peery's privacy because the tests are taken in a clinical setting, in a private room, and free from direct observation.

A warrantless search generally is considered presumptively unreasonable. *Valance v. Wisel*, 110 F.3d 1269, 1278 (7th Cir. 1997) (citing *Ruggiero v. Krzeminski*, 928 F.2d 558, 563 (2d Cir. Conn. 1991); *See also Payton v. New York*, 445 U.S. 573, 586, 63 L. Ed. 2d 639, 100 S. Ct. 1371 (1976). This presumption requires the defendant to provide evidence to rebut the presumption, by providing evidence of consent to the search, which can then be rebutted by the plaintiff through a showing that he never consented or that the consent was invalid because it was given under duress or coercion. *Valance*, 110 F.3d at 1279.

Peery alleges that CHA subjects him to warrantless and suspicionless searches through a

drug testing requirement to maintain his residence in public housing. CHA does not assert that the drug testing is conducted pursuant to warrant or suspicion of criminal activity, thus this Court presumes that the search is unreasonable. In general, there is a substantial expectation of privacy in connection with the act of urination. *Schaill v. Tippecanoe County Sch. Corp.,* 864 F.2d 1309, 1318 (7th Cir. 1988). Further, the government has the burden of establishing a "special need" for a warrantless and suspicionless drug test. *See Chandler v. Miller*, 520 U.S. 305, 318 (1997); *Taylor v. O'Grady*, 888 F.2d 1189, 1194 (7th Cir. Ill. 1989). This case is only at the dismissal stage and therefore we are only concerned with the legal sufficiency of the complaint, not the merits of the claims. This Court finds that plaintiffs have adequately alleged their constitutional claim of an unreasonable search.

**Conclusion**

Based on the foregoing, this Court finds that HMC is a necessary party and should be joined. This Court also finds that the Complaint adequately alleges a claim of unconstitutional search sufficient to move forward with discovery. Defendant's Motion to Dismiss [34] is denied. IT IS SO ORDERED.

Date: November 26, 2013

Entered: _____
United States District Judge